UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEREK HOWARD BURR,

Petitioner,

v.

RIDGECREST MUNICIPAL COURT,

Respondent.

Case No.: 1:26-cv-04163-EGC

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

Deadline: Respond Within 30 Days

Petitioner Derek Howard Burr is a state pretrial detainee proceeding pro se with a petition for writ of habeas corpus.

**I. BACKGROUND**

Petitioner is currently confined at the Kern County Lerdo Pretrial Facility. (Doc. 1 at 2.) The petition states he is "awaiting trial." (*Id.*) In the instant federal habeas petition, Petitioner contends he has "been 'charged' with enhancements not 'charges,'" is being held without bail, his attorney "was not present for any of [his] court appearances" between January 23 and April 23, 2026, and his "due process rights have been violated (no time waivers). (*Id*. at 3.) Petitioner also alleges "[arrest] dates, filing dates, [arraignment] dates, no [warrants]," and that the prosecutor was his "private family lawyer paid by [his] Great Uncle David Taylor [and] Aunt Mary Taylor [who] mishandled-misappropriated their estate." (*Id.*)

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. *Younger* Abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. *Younger,* 401 U.S. at 41; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Kowalski v. Tesmer*, 543 U.S. 125, 133 (2004) ("The doctrine of *Younger v. Harris* . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court"). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). The Ninth Circuit has held that the "logical implication" of *Younger* "is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (citing *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." *Brown*, 676 F.3d at 903 (internal quotation marks omitted) (quoting *Carden*, 626 F.2d at 84).

"[T]he rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a

---

[1] The Rules Governing Section 2254 Cases also apply to § 2241 habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254).

claim under the Speedy Trial Clause *as an affirmative defense* to state prosecution." *Brown*, 676 F.3d at 903 (emphasis added). However, a petitioner seeking "only to demand enforcement of the [State]'s affirmative constitutional obligation to bring him promptly to trial," and having exhausted all available state remedies toward that end, may go forward with a federal habeas petition. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). See *Coleman v. Ahlin*, 542 F. App'x 549, 551 (9th Cir. 2013) (noting that *Braden* "[p]lac[ed] great weight on the fact that 'petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes,' and that he came 'to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum.'" (quoting *Braden*, 410 U.S. at 491)).

Here, it is unclear following review of the petition what remedy Petitioner seeks, but the Court presumes Petitioner seeks a release from custody. Although unclear, it appears that Petitioner raises a speedy trial claim as an affirmative defense to state prosecution, which would require the Court to abstain from exercising jurisdiction. However, it is possible that Petitioner seeks only to demand enforcement of the State's obligation to bring him promptly to trial. Therefore, Petitioner must inform the Court whether he raises a speedy trial claim as an affirmative defense to state prosecution or whether he seeks only to demand enforcement of the State's obligation to bring him promptly to trial.

**B. Exhaustion**

Further, it appears that Petitioner may have failed to exhaust the claims that raises in the instant petition. "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The "comity considerations are not limited to challenges to the validity of state court convictions," but also include "attack[s] . . . on the failure of state prosecutorial authorities to afford [petitioners] a

speedy trial." *Id.* (citing *Braden*, 410 U.S. 484). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971). If Petitioner has not sought relief in the California Supreme Court, the Court will not proceed to the merits of his claims as a prudential matter. The petition lacks any indication that Petitioner sought review in the California Supreme Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** Petitioner to show cause **within thirty (30) days** from the date of service of this order why the petition should not be dismissed on *Younger* grounds and for a failure to exhaust state judicial remedies.

**A failure to respond to this Order to Show Cause (OSC) will result in a recommendation for dismissal of the petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for a failure to comply with orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE